14 CV 8380



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X   Case No.
BRENDA NEGRON, on behalf of herself individually
and all others similarly situated,

                                        Plaintiff,

                                                    **CLASS ACTION**
                                                    **COMPLAINT**

                    -against-


CONTINENTAL SERVICE GROUP, INC.
                                        Defendant.
-------------------------------------------------------------------X

            Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, upon

knowledge as to herself and her own acts, and as to all other matters upon information

and belief, brings this complaint against above-named defendant and in support thereof

alleges the following:

                            INTRODUCTION

            1.      That this is an action for damages brought by an individual

consumer and on behalf of a class for defendant's violations of the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from

engaging in abusive, deceptive and unfair acts and practices.

            2.      That this action is also brought pursuant to New York General

Business Law ("NYGBL") § 349 for an injunction and damages regarding defendant's

deceptive acts and practices.

JURISDICTION AND VENUE

3.      That this Court has jurisdiction and venue pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. § 1331 and supplemental jurisdiction exists over the NYGBL § 349 claims pursuant to 28 U.S.C. § 1367.

PARTIES

4.      That plaintiff is a natural person who resides in this District.

5.      That plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as she is a natural person who is alleged by defendant to owe a financial obligation.

6.      That the financial obligation which defendant sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendant sought to collect from plaintiff was originally incurred, if at all, for personal, family or household purposes and concerned an allegedly defaulted student loan.

7.      That plaintiff is a reasonable consumer within the meaning of NYGBL § 349 who acted reasonably under the circumstances alleged herein.

8.      That defendant is a debt collector as defined by 15 U.S.C. § 1692a(6).

9.      That defendant uses the mail to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

10.     That the principal purpose of defendant is the collection of defaulted consumer debts owed or due or alleged to be owed or due to others.

- 2 -

11.    That defendant regularly collects or attempts to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

12.    That upon information and belief, defendant is a domestic business corporation.

FACTUAL ALLEGATIONS

13.    That plaintiff re-alleges paragraphs 1-12 as if fully re-stated herein.

14.    That plaintiff is alleged to owe a student loan incurred for personal purposes to Mercy College.

15.    That at some subsequent point in time the debt is alleged by Mercy College to have fallen into default.

16.    That by letter dated October 17, 2013 defendant wrote to plaintiff in an attempt to collect said Mercy College student loan debt.

17.    That defendant mailed the letter to plaintiff within one year preceding the commencement of this action.

18.    That plaintiff received the letter several days after it was mailed.

19.    That plaintiff received the letter within one year preceding the commencement of this action.

20.    That in the letter defendant stated that the total due was $8,877.33.

21.    That the amount of $8,877.33 is also stated by defendant to be the balance elsewhere in the letter.

22.    That defendant added collection costs of $2,219.33 into the balance of the debt.

23.     That said collection costs of $2,219.33 represents 33.333% of the alleged principal.

24.     That, further, defendant did not disclose that $300.00 in late fees was included in the balance.

25.     That plaintiff did not know that $300.00 in late fees was included in the balance.

26.     That plaintiff suffered surprise, upset and confusion upon receiving defendant's letter and learning of defendant's addition of $2,219.33 in collection costs into the amount defendant demanded that she pay.

AS AND FOR A FIRST CAUSE OF ACTION

FDCPA, §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(10), 1692f and 1692f(1)

27.     That plaintiff re-alleges paragraphs 1-26 as if fully re-stated herein.

28.     That in its letter dated October 17, 2013 defendant demanded payment of a balance of $8,877.33.

29.     That this balance included $2,219.33 in collection costs.

30.     That the collection costs of $2,219.33 added by defendant are not, in fact, authorized.

31.     That defendant has a contingency fee arrangement with Mercy College, such that Mercy College does not pay defendant a collection fee for any account regarding which defendant fails to collect.

32.     That, in other words, if defendant does not get the consumer to pay the debt, Mercy College does not pay defendant a collection fee.

33.    That the fee arrangement between defendant and Mercy College was therefore not a pre-paid, flat fee arrangement.

34.    That at the time defendant sent its letter to plaintiff, plaintiff did not owe Mercy College a collection fee of $2,219.33.

35.    That as of October 2013 plaintiff did not owe Mercy College a collection fee of $2,219.33.

36.    That, on information and belief, at the time defendant sent the letter to plaintiff defendant had not charged Mercy College a collection fee in the amount of $2,219.33 for collection of plaintiff's debt.

37.    That, on information and belief, at the time defendant sent the letter to plaintiff Mercy College had not paid defendant a collection fee in the amount of $2,219.33 for collection of plaintiff's debt.

38.    That at the time defendant sent the letter to plaintiff Mercy College had not charged plaintiff a collection fee in the amount of $2,219.33.

39.    That defendant's addition of the amount of $2,219.33 to the debt balance in its letter reflects the addition of a fee or charge to a debt before said fee or charge is actually incurred.

40.    That at the time defendant sent the letter to plaintiff defendant knew that plaintiff did not owe Mercy College collection costs of $2,219.33.

41.    That at the time defendant sent the letter to plaintiff defendant knew that plaintiff did not owe defendant collection costs of $2,219.33.

42.   That plaintiff had no agreement with defendant for the payment of defendant's collection costs.

43.   That no agreement between plaintiff and Mercy College authorized defendant to add collection costs of $2,219.33 to the debt balance.

44.   That no agreement between plaintiff and Mercy College authorized the addition of collection costs representing 33.333% of the amount owed.

45.   That the amount of $2,219.33 represents an exorbitant and unreasonable amount for collection costs and was not related to the actual costs of collection of the debt.

46.   That no applicable law permitted defendant to add collection costs of $2,219.33 to the debt balance.

47.   That defendant's addition of collection costs of $2,219.33 to the debt balance is therefore a deceptive and misleading representation or means used in an attempt to collect the debt, in violation of the FDCPA, §§ 1692e and 1692e(10).

48.   That said addition of collection costs of $2,219.33 to the debt balance is also a false representation by defendant of the amount of the debt, in violation of the FDCPA, § 1692e(2)(A).

49.   That defendant's addition of collection costs of $2,219.33 to the debt balance is also a false representation of compensation which may be lawfully received by defendant for the collection of the debt, in violation of the FDCPA, § 1692e(2)(B).

50.    That said addition of collection costs of $2,219.33 to the debt balance also constitutes an unfair and an unconscionable means used by defendant to attempt to collect the debt, in violation of the FDCPA, § 1692f.

51.    That defendant's addition of collection costs of $2,219.33 to the debt balance further constitutes the attempted collection of an amount not expressly authorized by the agreement creating the debt or permitted by applicable law, in violation of the FDCPA, § 1692f(1).

52.    That defendant's addition of $300.00 for late fees into the debt balance without disclosing to plaintiff that the balance included late fees of $300.00 is also a violation of §§ 1692e(2)(A) and 1692e(10), as a false representation of the character or legal status of a debt and a false representation and deceptive means used by defendant in its attempt to collect the debt.

## AS AND FOR A SECOND CAUSE OF ACTION

## NYGBL § 349

53.    That plaintiff re-alleges paragraphs 1 to 52 as if fully re-stated herein.

54.    That each of the deceptive and misleading acts and practices above-mentioned was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

55.    That defendant's deceptive and misleading acts and practices were consumer-oriented, in that defendant is a collector of consumer debts incurred principally or wholly by natural persons.

56.    That defendant contacts thousands of consumers within New York State each year by mail.

57.    That defendant's letter to plaintiff is typical of the letters defendant mails to consumers within New York State.

58.    That defendant's letter is derived from a letter form or letter template used by defendant.

59.    That defendant has a pattern of mailing collection letters to thousands of consumers within New York State each year which improperly include an unauthorized collection fee for defaulted Mercy College accounts.

60.    That plaintiff is a reasonable consumer within the meaning of the NYGBL.

61.    That plaintiff suffered surprise, upset and confusion upon receiving defendant's letter and upon learning of defendant's addition of $2,219.33 in collection costs into the amount defendant demanded that she pay.

62.    That defendant violated NYGBL § 349(a) and is liable to plaintiff under NYGBL § 349(h).

CLASS ALLEGATIONS

63.    That plaintiff re-alleges paragraphs 1-62 as if fully re-stated herein.

64.    That this action is brought on behalf of plaintiff and the members of a class. The class consists of all persons who defendant's records reflect were sent debt collection letters within the State of New York within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection letter (a) in substantially the same form as the letter defendant sent to plaintiff dated October 17, 2013; (b) the collection letter was sent to a consumer seeking payment of a consumer debt; (c) the collection letter was not returned by the postal service as undelivered; and (d) the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(10), 1692f and 1692f(1). The class does not include defendant or persons who are officers, directors, employees or representatives of defendant.

65.    That the class shall be defined as follows:

*All natural persons with addresses within the State of New York to whom defendant sent a collection letter concerning a consumer debt owed to Mercy College, which collection letter contains a demand for payment of an amount which includes collection costs representing 25% or more of the principal balance, from one year before the filing of this complaint to the date of the filing of this complaint and which collection letter was not returned by the postal service as undeliverable.*

66.    That pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A)    Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received similar debt collection letters from defendant which violate the various provisions of the FDCPA.

(B)    There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether defendant violated the FDCPA by adding unauthorized collection costs to the balance of the debt, in violation of the

FDCPA, §§ 1692e, 1692e(2)(A), 1692e(2)(B),1692e(10), 1692f and 1692f(1).

(C)    The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

(D)    The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E)    Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of the class.

67.    That a class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

68.    That if the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

69.    That communications from debt collectors, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

70.    That as a result of the above violations, defendant is liable to plaintiff and the members of the class for an injunction and damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a)    certifying a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(b)    awarding maximum statutory damages to the class pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial;

(c)    awarding maximum statutory damages to plaintiff pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial;

(d)    awarding actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial;

(e)    awarding reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k;

(f)    enjoining defendant from committing further deceptive acts and practices with respect to plaintiff pursuant to NYGBL § 349;

(g)    awarding statutory damages to plaintiff pursuant to NYGBL § 349 in an amount to be determined at the time of trial;

(h)    in the alternative, awarding actual damages to plaintiff pursuant to NYGBL § 349 in an amount to be determined at the time of trial;

(i)    awarding reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349; and

(j)    for such other and further relief as may be just and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
      October 20, 2014.

NOVLETTE R. KIDD, ESQ.
CONCETTA PUGLISI, ESQ.
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212) 268-2128
Nkidd@fagensonpuglisi.com